**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4551**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MICHAEL FOSTER FELTON, a/k/a Mike,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:11-cr-00003-JFM-16)

Submitted:  October 18, 2013          Decided:  November 4, 2013

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Ayn B. Ducao, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Michael Foster Felton was convicted of one count of conspiracy to distribute and possess with intent to distribute, including but not exclusive to a public housing facility or public school, one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841, 846, 860 (2006), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Felton challenges the sufficiency of the evidence supporting the convictions. We affirm.

We review de novo the sufficiency of the evidence supporting a conviction. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). We must determine whether, viewing the evidence in the light most favorable to the Government and accepting the factfinder's credibility determinations, the verdict is supported by substantial evidence, that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v.

Engle, 676 F.3d 405, 419 (4th Cir.) (internal quotation marks and citations omitted), cert. denied, 133 S. Ct. 179 (2012).

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by a term exceeding one year to possess a firearm. Proof of actual or exclusive possession is not necessary; constructive or joint possession is sufficient. United States v. Lawing, 703 F.3d 229, 240 (4th Cir. 2012), cert. denied, 133 S. Ct. 1851 (2013). "Constructive possession is established when the government produces evidence that shows ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." Id. (internal quotation marks omitted). Constructive possession is a fact-specific inquiry. Id.

Because Felton did not seek a judgment of acquittal on this charge, review is for plain error. Under this standard of review the court must find (1) an error; (2) that is plain; and (3) that affects substantial rights. United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008). Even if these criteria are met, the error will not be noticed unless it seriously affects the fairness, integrity, or public reputation of the proceedings. Id. at 332.

Felton argues that he did not live at the apartment where the firearm was found and he did not have constructive possession of the firearm. We conclude otherwise and find that

3

there is substantial evidence supporting the conviction for being a felon in possession of a firearm. Felton indicated to law enforcement that he lived at the apartment. The one bedroom apartment's closets contained men's clothing and shoes. Felton gave the address to others and he was present at the apartment when law enforcement came during the course of the investigation and weeks later when the search warrant was executed. Accordingly, we conclude that the evidence was sufficient to show that Felton had constructive possession of the firearm.

Felton also contends that there is insufficient evidence to support his drug conspiracy conviction.[*] To obtain a conviction for conspiracy to possess with the intent to distribute a controlled substance, the Government must prove the following essential elements: (1) an agreement between two or more persons to possess with the intent to distribute the controlled substance; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy. United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008). Once the Government proves the existence of a conspiracy, the evidence need only establish

---

[*] Felton's counsel has submitted this issue under Anders v. California, 386 U.S. 738 (1967), stating that he can find no legal basis to support the claim. Felton's position is that he should not have been convicted of this offense.

4

a "slight connection" between the defendant and the conspiracy to support the conviction. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). Additionally, a defendant may be convicted of conspiracy without knowing all of its details and even if he plays only a minor role, as long as he enters the conspiracy understanding that it is unlawful and willfully joins in the plan at least once. Id. at 367-68; United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). Furthermore, a defendant may be convicted of participation in a drug conspiracy even if there is no proof that the defendant personally committed an overt act. United States v. Cardwell, 433 F.3d 378, 391 (4th Cir. 2005). A conspiracy may be proven entirely upon circumstantial evidence. Burgos, 94 F.3d at 858.

We have reviewed the record and conclude that the evidence was sufficient to support the conviction. It is not necessary that Felton be found with heroin or that there be testimony or evidence showing him involved in actual drug transactions. Evidence of tape recorded telephone calls and text messages supports the finding that Felton had an agreement to distribute heroin and that he knowingly and voluntarily participated in the conspiracy. There was also sufficient evidence to show that part of the conspiracy occurred within 1000 feet of a public housing facility or a school and that the conspiracy involved more than one kilogram of heroin.

5

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED